UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBRA A. GEORGE,<br><br>        Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART, Commissioner of<br>Social Security Administration,<br><br>        Defendant. | CASE NO.    C04-5184FDB<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

       The Magistrate Judge concluded that the Administrative Law Judge's finding that Plaintiff George is capable of returning to work as a mill worker or bicycle assembler is properly supported by substantial evidence and that the ALJ's decision should be affirmed. Plaintiff objects arguing that the ALJ did not properly discount a treating physician's and a therapist's opinions.

       The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In such cases, therefore, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

       In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick* 157 F.3d at 725. The ALJ can set out a detailed

ORDER
Page - 1

summary, state his interpretation, and make findings, *id.*, and he may also draw inferences "logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Further, the court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). When a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 747, 830-31 (9th Cir. 1996). While more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant, *id.* At 830, an ALJ need not accept a treating physician's opinion "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947 (th Cir. 2002). A nonexamining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Lester* 81 F.3d at 830-31.

Plaintiff takes issue with the ALJ's rejection of examining physician Dr. Kittimongcolporn's rating Plaintiff's OAF at 50 and to not commenting on Therapist Mohan's assessment. Examining physician Reddy gave Plaintiff a rating of 60. The ALJ concluded that Plaintiff's mental status examinations did not appear to be consistent with the lower OAF level. Nevertheless, the doctor's evaluations were similar and the OAF rating difference of minor significance when viewing the evidence as a whole. There is substantial evidence to support the ALJ's conclusions.

The Court, having reviewed plaintiff's complaint, the Report and Recommendation of Judge J. Kelley Arnold, United States Magistrate Judge, and objections to the report and recommendation, and the remaining record, does hereby find and ORDER:

(1)   The Court adopts the Report and Recommendation;

(2)   The administrative decision is AFFIRMED; and

(3)   The Clerk is directed to send copies of this Order to plaintiff's counsel, defendant's counsel and Magistrate Judge J. Kelley Arnold.

DATED this 28th day of September 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE